[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR PREJUDGMENT REMEDY AND TEMPORARY RESTRAINING ORDER DATED JULY 31, 1991
I.
The Bank of Boston Connecticut ("The Bank") brings this application in the amount of One Million Seven Hundred Thousand Dollars ($1,700,000.00) ancillary to an intended law suit based upon personal written guarantees given to the Bank by Jeffrey Wagner and Nongnuch Chumnanvech. Their personal guarantees were given to cover the promissory note in the face amount of 1.25 million dollars that Sackett Point Senior Homes made to the Bank in connection with a loan for a North Haven, Connecticut housing development. This application seeks the issuance of prejudgment remedies for the alleged fraudulent conveyances of real estate by Nongnuch Chumnanvech to Theerayut Chumnanvech and Jeffrey Wagner to Cindy Wagner; garnishment; and finally a prehearing restraining order. The request for this restraining order has become moot.
Hearings on this application were held October 15th, October 28th, and November 4, 1991.
 II.
The Bank's unsigned complaint is in three counts. In the first count, it alleges in part that Nongnuch Chumnanvech and Jeffrey Wagner on September 14, 1988 each executed a personal guarantee of a promissory note in the face amount of One Million Two Hundred Thousand Dollars ($1,200,000.00) with interest from Sackett Point Senior Homes ("Sackett Point") to the Bank. The note was due April 1, 1990.
At the beginning of the October 15, 1991 evidentiary hearing, the parties stipulated to the following facts. That Sackett Point executed the promissory note on September 14, 1988 and that Nongnuch Chumnanvech and Jeffrey Wagner executed a personal guarantee of Sackett's indebtedness on the same date. In part, this written guarantee to the Bank provided: CT Page 1735
 . . .unconditionally guaranty to [Bank], its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal and interest and all other sums payable, or stated to be payable, with respect to the Promissory Note of [Sackett], made by [Sackett] to [Bank], of even date herewith in the principal amount of $1,250,000.00. . .
Plaintiff's Exhibit 2 at 1.
Additionally, the Parties stipulated that the note is in default and that the following sums are due in connection with
Principal . . . . . . . . . . . . . . . . . . . .$1,244,383.22
Interest (through October 15, 1991) . . . . . . . . 219,106.60
 Late Charges. . . . . . . . . . . . . . . . . . . . . 59,946.06 ------------- Total . . . . . . . . . . . . . . . . . . . . . . $1,523,435.88
There is a per diem interest of $319.73. Finally, the parties agree that the Bank has incurred $45,970.06 in counsel fees for collection. However, the parties have reserved their rights to challenge the reasonableness of these fees.
Upon a review of the evidentiary record, we conclude that there is probable cause to sustain the validity of the Bank's claim in this count against Nongnuch Chumnanvech and Jeffrey Wagner on their respective personal guarantees of payment.
 III.
In count three, the Bank complains that on April 5, 1990, when the Sackett Point note was in default, Jeffrey Wagner in fraud of the Bank on April 9, 1990 conveyed two pieces of real estate to his wife, Cindy Wagner, in violation of 52-552 of our statutes. Specifically, the Bank alleges that each of these conveyances deprived Jeffrey Wagner "of sufficient means to satisfy his indebtedness to the [Bank]. . ." The two parcels of real estate are located at 30 Davis Hill, Weston, Connecticut and Godfrey Road, Weston, Connecticut.
When Jeffrey Wagner, a partner in Sackett Point, executed his personal guarantee of payment to the Bank, he furnished a personal financial statement revealing a net worth of slightly One Million CT Page 1736 Dollars and valuating the 30 Davis Hill Road property as an asset worth $750,000.00. He also submitted a 1991 financial statement reporting a net worth of a million dollars, which does not list his liability under the personal guarantee. While Jeffrey Wagner testified that he quit claimed these two properties to his wife on April 9, 1990 because of marital difficulties, it is significant, we think, to note that these conveyances were made very shortly after the Bank under date of March 23, 1990 advised Wagner that the Sackett Point note was due April 1, 1990 with a payment of $1,256,827.16 and just after Wagner received a written demand for payment under the personal guarantee from the Bank's attorneys. In any event, upon our review of the evidentiary record, we conclude that there is probable cause to sustain the validity of the 52-552 claim as set forth in count three.
 IV.
In count two of the unsigned complaint attached to this application, the Bank complains that when Nongnuch Chumnanvech executed on September 14, 1988 her personal guarantee to cover the Sackett Point loan, she represented that she owned 21 Beachside Common, Westport, Connecticut and 156 East Avenue, Norwalk, Connecticut and the Bank relied on these representations. Further, the Bank complains that on May 29, 1990 Nongnuch Chumnanvech conveyed both of these parcels of real estate without consideration to her husband Theerayut Chumnanvech and that these conveyances deprived her "of sufficient means to satisfy her indebtedness to" the Bank in violation of our statute on fraudulent conveyances, 52-552.
We have studied the evidentiary record in connection with this claim and its defense. It reveals Nongnuch Chumnanvech to be a physician of considerable wealth and significant earning capabilities for the years in question. However, it is also a difficult record to understand and in some places isn't even legible for us to reconstruct what was Nongnuch Chumnanvech's personal financial estate on May 29, 1990, when she made the two real estate transfers in question to her husband. Because of the nature of this record, we decline at this time to make the requisite finding of probable cause for the requested PJR relief as to this count.
 V.
The defendants have urged us to subtract the value of the mortgage held by the Bank from Sackett Point, given on its North Haven real estate, from any PJR relief issued here. Since this is not a foreclosure action, but rather litigation to enforce the personal guarantees given by Jeffrey Wagner and Nongnuch Chumnanvech to the Bank in connection with the Sackett Point note, CT Page 1737 we decline. Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152
(1991).
 VI.
This application for PJR relief is granted as to Jeffrey Wagner, Cindy Wagner and Nongnuch Chumnanvech in accordance with this opinion in the face amount of $1,523,435.88 plus an award of $20,000.00 for attorneys fees without prejudice to the Bank claiming additional attorney fees as suggested in this record.
Orders may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court CT Page 1738
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1739
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1740
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1741
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1742
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1743